IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LENOVO (UNITED STATES) INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| GENERAL VIDEO, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT
OF NON-INFRINGEMENT AND INVALIDITY**

Plaintiff Lenovo (United States) Inc. ("Lenovo US") files this Complaint against Defendant General Video, LLC ("Defendant" or "General Video") seeking a declaratory judgment of non-infringement and invalidity as to U.S. Patent Nos. 7,359,437 ("the '437 patent"), 9,036,010 ("the '010 patent"), 9,843,786 ("the '786 patent"), 7,225,282 ("the '282 patent"), 6,584,443 ("the '443 patent"), and 7,069,224 ("the '224 patent") (collectively, the "Patents-in-Suit"). Lenovo US alleges as follows:

**THE PARTIES**

1. Lenovo US is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 8001 Development Drive, Morrisville, North Carolina 27560. Lenovo US imports into and sells in the United States, Lenovo-branded consumer electronics devices including laptops, desktop computers, monitors, and devices that use video/graphics cards.

2. Upon information and belief, General Video is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 8 The Green, Suite B, Dover, DE 19901. Upon information and belief, General Video may be

served via its registered agent, Northwest Registered Agent Service, Inc., 8 The Green, Suite B, Dover, DE 19901.

3. Upon information and belief, General Video claims to be the assignee of the Patents-in-Suit, and further claims to have the right to recover for past, present, and future infringement of the same.

## NATURE OF THE ACTION

4. This is an action arising under the patent laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaratory judgment of non-infringement and invalidity of the Patents-in-Suit and for such other relief as the Court deems just and proper.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6. An actual and justiciable controversy exists between Lenovo US and General Video as to the non-infringement and invalidity of the Patents-in-Suit. This is true at least because General Video previously initiated a lawsuit against Lenovo Group Limited ("LGL")—a corporate entity and holding company affiliated with Lenovo US—in the Eastern District of Texas. *General Video, LLC v. Lenovo Group Limited*, Case No. 5:24-cv-00122-RWS (E.D. Tex. filed Aug. 30, 2024) (hereinafter, the "*E.D. Tex. Lawsuit*"). General Video did not name Lenovo US as a defendant in that case, but nevertheless alleged that certain Lenovo US products infringed the Patents-in-Suit and sought damages and to enjoin Lenovo US from continuing to import and sell

its products in the United States. *E.D. Tex. Lawsuit*, D.I. 1 (Complaint).  On August 11, 2025, the Eastern District of Texas court dismissed General Video's claims against LGL from the *E.D. Tex. Lawsuit* without prejudice based on General Video's failure to plead personal jurisdiction as to LGL. *E.D. Tex. Lawsuit*, D.I. 104 (Order Granting LGL's Motion to Dismiss).

7. This Court has personal jurisdiction over General Video because it is a Delaware entity organized under the laws of the State of Delaware.

8. Upon information and belief, venue is proper for this proceeding in this judicial district at least under 28 U.S.C. § 1391 because General Video, as a Delaware entity organized under the laws of the State of Delaware, resides in this District.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,359,437)**

9. Lenovo US incorporates the allegations of each preceding paragraph by reference.

10. U.S. Patent No. 7,359,437 is titled "Encoding method and system for reducing inter-symbol interference effects in transmission over a serial link."  A true and correct copy of the '437 patent is attached as Exhibit 1.

11. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Lenovo US and General Video concerning non-infringement of the '437 patent, at least because General Video alleged in the *E.D. Tex. Lawsuit* that Lenovo US's products infringe the '437 patent. *See, e.g.*, *E.D. Tex. Lawsuit*, D.I. 1-19 (Appendix E to General Video's Complaint) (charting General Video's initial infringement allegations regarding the '437 patent). Specifically, General Video alleged that Lenovo US products "that comply with, implement, and/or embody" DisplayPort standards, including Lenovo "desktop computers[,]" "laptop computers[,]" "computer monitors[,]" and "video/graphics cards" infringe the '437 patent. *See, e.g.*, *E.D. Tex. Lawsuit*, D.I.

1 (Complaint) ¶¶ 26, 33, 107. General Video lists hundreds of Lenovo US products as allegedly infringing the '437 patent. *See, e.g.*, *E.D. Tex. Lawsuit*, D.I. 1-15 (Appendix A to General Video's Complaint – Accused Lenovo Products).

12. Lenovo US has not, and does not, infringe any claim of the '437 patent directly or indirectly, either literally or under the doctrine of equivalents. On information and belief, Lenovo US does not infringe the '437 patent at least because the accused Lenovo US products do not "generat[e] a sequence of selected code words by encoding the input data, wherein each of the selected code words is a member of a robust subset of the full code word set, and the sequence of selected code words is less susceptible to inter-symbol interference during transmission over the link than would be the conventional sequence of code words," and do not "transmi[t] over the link a first burst of the encoded control words between a first burst of the video code words and the burst of the selected code words, and a second burst of the encoded control words between the burst of the selected code words and a second burst of the video code words" as required by claim 41 of the '437 patent.

13. Under 28 U.S.C. §§ 2201 and 2202, Lenovo US is entitled to a declaratory judgment that it has not infringed any claim of the '437 patent.

**SECOND CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,036,010)**

14. Lenovo US incorporates the allegations of each preceding paragraph by reference.

15. U.S. Patent No. 9,036,010 is titled "Transport of stereoscopic image data over a display interface." A true and correct copy of the '010 patent is attached as Exhibit 2.

16. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Lenovo US and General Video concerning non-infringement of the '010 patent, at least

because General Video alleged in the *E.D. Tex. Lawsuit* that Lenovo US's products infringe the '010 patent. *See, e.g.*, *E.D. Tex. Lawsuit*, D.I. 1-20 (Appendix F to General Video's Complaint) (charting General Video's initial infringement allegations regarding the '010 patent). Specifically, General Video alleged that Lenovo US products "that comply with, implement, and/or embody" DisplayPort standards, including Lenovo "desktop computers[,]" "laptop computers[,]" "computer monitors[,]" and "video/graphics cards" infringe the '010 patent. *See, e.g.*, *E.D. Tex. Lawsuit*, D.I. 1 (Complaint) ¶¶ 26, 33, 122. General Video lists hundreds of Lenovo US products as allegedly infringing the '010 patent. *See, e.g.*, *E.D. Tex. Lawsuit*, D.I. 1-15 (Appendix A to General Video's Complaint – Accused Lenovo Products).

17.     Lenovo US has not, and does not, infringe any claim of the '010 Patent directly or indirectly, either literally or under the doctrine of equivalents. On information and belief, Lenovo US does not infringe the '010 patent at least because the accused Lenovo US products do not include "a digital display interface part, for use in a first audio-visual device, for supporting a digital display interface between the first audio-visual device and a second audio-visual device" and "a formatter arranged to format the data for transport over the interface, wherein the formatter, in accordance with signal information received from the second audio-device, is operable in: . . . a second mode to generate a stream of second data elements which carry a multiplexed combination of components of a stereoscopic image, wherein said components of said stereoscopic image elements being transmitted in a first portion of said interface and in a second portion of said interface, each of said first portion and said second portion having a lesser data carrying capacity than said known data carrying capacity and a combined data carrying capacity no greater than said known data carrying capacity" as required by claim 1 of the '010 patent, and do not include "a digital display interface part for use in an audio-visual device, said interface part supporting a

digital display interface having a known data carrying capacity between the audio-visual device and a second audio-visual device" and "a processor arranged to extract said image data, the processor being operable, in accordance with capabilities of said second audio-visual device, wherein . . . in a second mode, the processor demultiplexes components of a stereoscopic image from a stream of second data elements which carry a multiplexed combination of components of a stereoscopic image, wherein said components of said stereoscopic image data elements being transmitted in a first portion of said interface and in a second portion of said interface, each of said first portion and said second portion having a lesser data carrying capacity than said known data carrying capacity and a combined data carrying capacity no greater than said known data carrying capacity" as required by claim 12 of the '010 patent.

18. Under 28 U.S.C. §§ 2201 and 2202, Lenovo US is entitled to a declaratory judgment that it has not infringed any claim of the '010 patent.

## THIRD CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,843,786)**

19. Lenovo US incorporates the allegations of each preceding paragraph by reference.

20. U.S. Patent No. 9,843,786 is titled "Transport of stereoscopic image data over a display interface." A true and correct copy of the '786 patent is attached as Exhibit 3.

21. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Lenovo US and General Video concerning non-infringement of the '786 patent, at least because General Video alleged in the *E.D. Tex. Lawsuit* that Lenovo US's products infringe the '786 patent. *See, e.g.*, *E.D. Tex. Lawsuit*, D.I. 1-21 (Appendix G to General Video's Complaint) (charting General Video's initial infringement allegations regarding the '786 patent, which were later supplemented to add claim 13). Specifically, General Video alleged that Lenovo US products

6

"that comply with, implement, and/or embody" DisplayPort standards, including Lenovo "desktop computers[,]" "laptop computers[,]" "computer monitors[,]" and "video/graphics cards" infringe the '786 patent. *See, e.g.*, *E.D. Tex. Lawsuit*, D.I. 1 (Complaint) ¶¶ 26, 33, 130. General Video lists hundreds of Lenovo US products allegedly infringing the '786 patent. *See, e.g.*, *E.D. Tex. Lawsuit*, D.I. 1-15 (Appendix A to General Video's Complaint – Accused Lenovo Products).

22.     Lenovo US has not, and does not, infringe any claim of the '786 Patent directly or indirectly, either literally or under the doctrine of equivalents. On information and belief, Lenovo US does not infringe the '786 patent at least because the accused Lenovo US products do not include "[a]n interface part for a digital display, for use in a first audio-visual device for supporting a digital display transmission interface between the first audio-visual device and a second audio-visual device" and "a formatter configured to format the received digital data for transport over a transmission interface, wherein the formatter is operable in: . . . a second mode, different from the first mode, operating at different times than the first mode, in which the formatter generates a stream of second data elements comprising a multiplexed combination of components of a stereoscopic image" as required by claim 1 of the '786 patent, and do not include "[a]n interface part for a digital display, for use in an audio-visual device for supporting a digital display transmission interface between a first audio-visual device and a second audio-visual device" and "a processor arranged to extract image data, the processor being operable in: . . . a second mode, different from the first mode, operating at different times than the first mode, in which the processor de-multiplexes components of a stereoscopic image from a stream of second data elements comprising a multiplexed combination of components of a stereoscopic image" as required by claim 13 of the '786 patent.

23. Under 28 U.S.C. §§ 2201 and 2202, Lenovo US is entitled to a declaratory judgment that it has not infringed any claim of the '786 patent.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,225,282)

24. Lenovo US incorporates the allegations of each preceding paragraph by reference.

25. U.S. Patent No. 7,225,282 is titled "Method and apparatus for a two-wire serial command bus interface." A true and correct copy of the '282 patent is attached as Exhibit 4.

26. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Lenovo US and General Video concerning non-infringement of the '282 patent, at least because General Video alleged in the *E.D. Tex. Lawsuit* that Lenovo US's products infringe the '282 patent. *See, e.g.*, *E.D. Tex. Lawsuit*, D.I. 1-18 (Appendix D to General Video's Complaint) (charting General Video's initial infringement allegations regarding the '282 patent). Specifically, General Video alleged that Lenovo US products "that comply with, implement, and/or embody" DisplayPort standards, including Lenovo "desktop computers[,]" "laptop computers[,]" "computer monitors[,]" and "video/graphics cards" infringe the '282 patent. *See, e.g.*, *E.D. Tex. Lawsuit*, D.I. 1 (Complaint) ¶¶ 26, 33, 92. General Video lists hundreds of Lenovo US products as allegedly infringing the '282 patent. *See, e.g.*, *E.D. Tex. Lawsuit*, D.I. 1-15 (Appendix A to General Video's Complaint – Accused Lenovo Products).

27. Lenovo US has not, and does not, infringe any claim of the '282 patent directly or indirectly, either literally or under the doctrine of equivalents. On information and belief, Lenovo US does not infringe the '282 patent at least because the accused Lenovo US products do not implement "re-mapping a data signal and a clock signal from a first local bus on the source into a different protocol signal," "transmitting the different protocol signal from the source to the sink

8

over the two-wire interface," "re-mapping the different protocol signal back into the data signal and the clock signal for use on a second local bus on the sink," "re-mapping the data signal and the clock signal from the second local bus into the different protocol signal," and "transmitting the different protocol signal from the sink to the source over the two-wire interface" as required by claim 1 of the '282 patent.

28.    Under 28 U.S.C. §§ 2201 and 2202, Lenovo US is entitled to a declaratory judgment that it has not infringed any claim of the '282 patent.

## FIFTH CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,584,443)

29.    Lenovo US incorporates the allegations of each preceding paragraph by reference.

30.    U.S. Patent No. 6,584,443 is titled "Apparatus and method for audio data/audio-related information transfer." A true and correct copy of the '443 patent is attached as Exhibit 5.

31.    An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Lenovo US and General Video concerning non-infringement of the '443 patent, at least because General Video alleged in the *E.D. Tex. Lawsuit* that Lenovo US's products infringe the '443 patent. *See, e.g.*, *E.D. Tex. Lawsuit*, D.I. 1-16 (Appendix B to General Video's Complaint) (charting General Video's initial infringement allegations regarding the '443 patent). Specifically, General Video alleged that Lenovo US products "that comply with, implement, and/or embody" DisplayPort standards, including Lenovo "desktop computers[,]" "laptop computers[,]" "computer monitors[,]" and "video/graphics cards" infringe the '443 patent. *See, e.g.*, *E.D. Tex. Lawsuit*, D.I. 1 (Complaint) ¶¶ 26, 33, 60. General Video lists hundreds of Lenovo US products as allegedly infringing the '443 patent. *See, e.g.*, *E.D. Tex. Lawsuit*, D.I. 1-15 (Appendix A to General Video's Complaint – Accused Lenovo Products).

32. Lenovo US has not, and does not, infringe any claim of the '443 patent directly or indirectly, either literally or under the doctrine of equivalents. On information and belief, Lenovo US does not infringe any claims of the '443 patent at least because the accused Lenovo US products do not perform a method capable of "a transmission step of transmitting the audio data and audio-related information associated with the audio data; and a reception step of receiving the audio data and the audio-related information, wherein the audio-related information includes monitor information indicating whether or not the audio data is capable of being monitored in the reception step" as required by claims 7 and 9 of the '443 patent.

33. Under 28 U.S.C. §§ 2201 and 2202, Lenovo US is entitled to a declaratory judgment that it has not infringed any claim of the '443 patent.

### SIXTH CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,069,224)**

34. Lenovo US incorporates the allegations of each preceding paragraph by reference.

35. U.S. Patent No. 7,069,224 is titled "Receiver for receiving audio data and audio-related information." A true and correct copy of the '224 patent is attached as Exhibit 6.

36. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Lenovo US and General Video concerning non-infringement of the '224 patent, at least because General Video alleged in the *E.D. Tex. Lawsuit* that Lenovo US's products infringe the '224 patent. *See, e.g.*, *E.D. Tex. Lawsuit*, D.I. 1-17 (Appendix C to General Video's Complaint) (charting General Video's initial infringement allegations regarding the '224 patent). Specifically, General Video alleged that Lenovo US products "that comply with, implement, and/or embody" DisplayPort standards, including Lenovo "desktop computers[,]" "laptop computers[,]" "computer monitors[,]" and "video/graphics cards" infringe the '224 patent. *See, e.g.*, *E.D. Tex. Lawsuit*, D.I.

1 (Complaint) ¶¶ 26, 33, 75.  General Video lists hundreds of Lenovo US products as allegedly infringing the '224 patent. *See, e.g.*, *E.D. Tex. Lawsuit*, D.I. 1-15 (Appendix A to General Video's Complaint – Accused Lenovo Products).

37. Lenovo US has not, and does not, infringe any claim of the '224 patent directly or indirectly, either literally or under the doctrine of equivalents.  On information and belief, Lenovo US does not infringe any claims of the '224 patent at least because the accused Lenovo US products do not have "an analysis section operable to determine whether or not the audio data is capable of being monitored by the receiver, wherein the audio-related information includes monitor information indicating whether or not the audio data is capable of being monitored by the receiver, and the analysis section determines whether or not the audio data is capable of being monitored by the receiver based on the monitor information." as required by claims 3 and 5 of the '224 patent.

38. Under 28 U.S.C. §§ 2201 and 2202, Lenovo US is entitled to a declaratory judgment that it has not infringed any claim of the '224 patent.

## SEVENTH CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,359,437)**

39. Lenovo US incorporates the allegations of each preceding paragraph by reference.

40. The claims of the '437 patent are invalid under 35 U.S.C. § 101 because the claims are directed to an abstract idea or other ineligible subject matter and lack an inventive concept or something more than the abstract idea that transforms the claims into a patent-eligible application.

41. The claims of the '437 patent are invalid under 35 U.S.C. § 102 because the claims lack novelty, and are anticipated, taught, and/or suggested by the prior art.

42. The claims of the '437 patent are invalid under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

43. The claims of the '437 patent are invalid for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

44. Lenovo US adopts and incorporates by reference, as if set forth herein, each of the contentions, charts, prior art references, and other statements made or disclosed in Invalidity Contentions from the *E.D. Tex. Lawsuit*, pursuant to Eastern District of Texas Local Patent Rule 3.3. ("P.R. 3-3"), served on General Video on June 23, 2025. Lenovo US further adopts and incorporates by reference, as if set forth herein, each of the contentions, charts, prior art references, and other statements made or disclosed in any post-grant proceedings involving the Patents-in-Suit, including any petition(s) for *inter partes* review and *ex parte* reexamination.

45. Lenovo US reserves the right to identify and rely upon prior art that may be discovered as discovery progresses in this action.

46. Under 28 U.S.C. §§ 2201 and 2202, Lenovo US is entitled to a declaratory judgment that the claims of the '437 patent are invalid.

### EIGHTH CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of U.S. Patent No. 9,036,010)**

47. Lenovo US incorporates the allegations of each preceding paragraph by reference.

48. The claims of the '010 patent are invalid under 35 U.S.C. § 101 because the claims are directed to an abstract idea or other ineligible subject matter and lack an inventive concept or something more than the abstract idea that transforms the claims into a patent-eligible application.

49. The claims of the '010 patent are invalid under 35 U.S.C. § 102 because the claims lack novelty, and are anticipated, taught, and/or suggested by the prior art.

50. The claims of the '010 patent are invalid under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

51. The claims of the '010 patent are invalid for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

52. Lenovo US adopts and incorporates by reference, as if set forth herein, each of the contentions, charts, prior art references, and other statements made or disclosed in Invalidity Contentions from the *E.D. Tex. Lawsuit*, pursuant to Eastern District of Texas Local Patent Rule 3.3. ("P.R. 3-3"), served on General Video on June 23, 2025. Lenovo US further adopts and incorporates by reference, as if set forth herein, each of the contentions, charts, prior art references, and other statements made or disclosed in any post-grant proceedings involving the Patents-in-Suit, including any petition(s) for *inter partes* review and *ex parte* reexamination.

53. Lenovo US reserves the right to identify and rely upon prior art that may be discovered as discovery progresses in this action.

54. Under 28 U.S.C. §§ 2201 and 2202, Lenovo US is entitled to a declaratory judgment that the claims of the '010 patent are invalid.

## NINTH CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of U.S. Patent No. 9,843,786)**

55. Lenovo US incorporates the allegations of each preceding paragraph by reference.

56. The claims of the '786 patent are invalid under 35 U.S.C. § 101 because the claims are directed to an abstract idea or other ineligible subject matter and lack an inventive concept or something more than the abstract idea that transforms the claims into a patent-eligible application.

57. The claims of the '786 patent are invalid under 35 U.S.C. § 102 because the claims lack novelty, and are anticipated, taught, and/or suggested by the prior art.

58. The claims of the '786 patent are invalid under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

59. The claims of the '786 patent are invalid for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

60. Lenovo US adopts and incorporates by reference, as if set forth herein, each of the contentions, charts, prior art references, and other statements made or disclosed in Invalidity Contentions from the *E.D. Tex. Lawsuit*, pursuant to Eastern District of Texas Local Patent Rule 3.3. ("P.R. 3-3"), served on General Video on June 23, 2025. Lenovo US further adopts and incorporates by reference, as if set forth herein, each of the contentions, charts, prior art references, and other statements made or disclosed in any post-grant proceedings involving the Patents-in-Suit, including any petition(s) for *inter partes* review and *ex parte* reexamination.

61. Lenovo US reserves the right to identify and rely upon prior art that may be discovered as discovery progresses in this action.

62. Under 28 U.S.C. §§ 2201 and 2202, Lenovo US is entitled to a declaratory judgment that the claims of the '786 patent are invalid.

## **TENTH CLAIM FOR RELIEF**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,225,282)**

63. Lenovo US incorporates the allegations of each preceding paragraph by reference.

64. The claims of the '282 patent are invalid under 35 U.S.C. § 101 because the claims are directed to an abstract idea or other ineligible subject matter and lack an inventive concept or something more than the abstract idea that transforms the claims into a patent-eligible application.

65. The claims of the '282 patent are invalid under 35 U.S.C. § 102 because the claims lack novelty, and are anticipated, taught, and/or suggested by the prior art.

66. The claims of the '282 patent are invalid under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

67. The claims of the '282 patent are invalid for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

68. Lenovo US adopts and incorporates by reference, as if set forth herein, each of the contentions, charts, prior art references, and other statements made or disclosed in Invalidity Contentions from the *E.D. Tex. Lawsuit*, pursuant to Eastern District of Texas Local Patent Rule 3.3. ("P.R. 3-3"), served on General Video on June 23, 2025. Lenovo US further adopts and incorporates by reference, as if set forth herein, each of the contentions, charts, prior art references, and other statements made or disclosed in any post-grant proceedings involving the Patents-in-Suit, including any petition(s) for *inter partes* review and *ex parte* reexamination.

69. Lenovo US reserves the right to identify and rely upon prior art that may be discovered as discovery progresses in this action.

70. Under 28 U.S.C. §§ 2201 and 2202, Lenovo US is entitled to a declaratory judgment that the claims of the '282 patent are invalid.

## ELEVENTH CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of U.S. Patent No. 6,584,443)**

71. Lenovo US incorporates the allegations of each preceding paragraph by reference.

72. The claims of the '443 patent are invalid under 35 U.S.C. § 101 because the claims are directed to an abstract idea or other ineligible subject matter and lack an inventive concept or something more than the abstract idea that transforms the claims into a patent-eligible application.

73. The claims of the '443 patent are invalid under 35 U.S.C. § 102 because the claims lack novelty, and are anticipated, taught, and/or suggested by the prior art.

74. The claims of the '443 patent are invalid under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

75. The claims of the '443 patent are invalid for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

76. Lenovo US adopts and incorporates by reference, as if set forth herein, each of the contentions, charts, prior art references, and other statements made or disclosed in Invalidity Contentions from the *E.D. Tex. Lawsuit*, pursuant to Eastern District of Texas Local Patent Rule 3.3. ("P.R. 3-3"), served on General Video on June 23, 2025. Lenovo US further adopts and incorporates by reference, as if set forth herein, each of the contentions, charts, prior art references, and other statements made or disclosed in any post-grant proceedings involving the Patents-in-Suit, including any petition(s) for *inter partes* review and *ex parte* reexamination.

77. Lenovo US reserves the right to identify and rely upon prior art that may be discovered as discovery progresses in this action.

78. Under 28 U.S.C. §§ 2201 and 2202, Lenovo US is entitled to a declaratory judgment that the claims of the '443 patent are invalid.

## TWELFTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,069,224)

79. Lenovo US incorporates the allegations of each preceding paragraph by reference.

80. The claims of the '224 patent are invalid under 35 U.S.C. § 101 because the claims are directed to an abstract idea or other ineligible subject matter and lack an inventive concept or something more than the abstract idea that transforms the claims into a patent-eligible application.

81. The claims of the '224 patent are invalid under 35 U.S.C. § 102 because the claims lack novelty, and are anticipated, taught, and/or suggested by the prior art.

82. The claims of the '224 patent are invalid under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

83. The claims of the '224 patent are invalid for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

84. Lenovo US adopts and incorporates by reference, as if set forth herein, each of the contentions, charts, prior art references, and other statements made or disclosed in Invalidity Contentions from the *E.D. Tex. Lawsuit*, pursuant to Eastern District of Texas Local Patent Rule 3.3. ("P.R. 3-3"), served on General Video on June 23, 2025. Lenovo US further adopts and incorporates by reference, as if set forth herein, each of the contentions, charts, prior art references,

and other statements made or disclosed in any post-grant proceedings involving the Patents-in-Suit, including any petition(s) for *inter partes* review and *ex parte* reexamination.

85. Lenovo US reserves the right to identify and rely upon prior art that may be discovered as discovery progresses in this action.

86. Under 28 U.S.C. §§ 2201 and 2202, Lenovo US is entitled to a declaratory judgment that the claims of the '224 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Lenovo US respectfully prays that the Court enter judgment in its favor and against General Video, as follows:

1. Declaring that Lenovo US has not infringed, and does not infringe, either directly or indirectly, any claim of any of the Patents-in-Suit, either literally or under the doctrine of equivalents;

2. Declaring that the claims of the Patents-in-Suit are invalid;

3. Finding this to be an exceptional case and awarding Lenovo US its costs and attorneys' fees under 35 U.S.C. § 285; and

4. Awarding and granting Lenovo US such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Lenovo US respectfully requests a jury trial on all issues and matters triable by jury.

                MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                */s/ Jennifer Ying*

                _____
                Jennifer Ying (#5550)
                Cameron P. Clark (#6647)
                1201 North Market Street
                P.O. Box 1347
                Wilmington, DE  19899
                (302) 658-9200
                jying@morrisnichols.com
                cclark@morrisnichols.com

                *Attorneys for Plaintiff Lenovo (United States) Inc.*

August 22, 2025